UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN DOUGLAS CARLISLE, | Case No.  2:26-cv-1676-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| DAN FLORES, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, brings this action alleging that defendants violated his Eighth Amendment rights by using excessive force against him.  ECF No. 1 at 3-4.  The two claims raised by the complaint are not, however, sufficiently related to proceed in the same action.  Accordingly, I will dismiss the complaint with leave to amend so that plaintiff can file a complaint that includes only related claims.  I will also grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

Screening Order

I.      Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff raises two separate excessive force claims against two defendants. First, he alleges that, on December 24, 2023, he was told by defendant Dan Flores, a visiting officer at the California Correctional Institution, to leave the visitation room. ECF No. 1 at 3. Plaintiff claims that he complied and, when he stepped through the door, he was rushed by multiple officers. *Id.* Defendant Flores allegedly tackled him and put a knee on his back without cause. *Id.*

Second, plaintiff alleges that, later that same day, he was restrained in a holding tank and on suicide watch. *Id.* at 4. He claims that defendant Ayala, also a visiting officer at the institution, pepper sprayed him without need or provocation. *Id.* This claim, while also

2

implicating his Eighth Amendment rights, does not bear any obvious relation to the earlier, separate use of force incident involving defendant Flores.  Unrelated claims against multiple defendants belong in separate actions.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

I will dismiss the complaint with leave to amend so that plaintiff may bring only related claims.  His amended complaint must be complete in itself, be submitted on the form included with this order, and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    May 5, 2026     _____
                          JEREMY D. PETERSON
                          UNITED STATES MAGISTRATE JUDGE

3